SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–15–898

| | |
|---|---|
| | Opinion Delivered: May 25, 2017 |
| CLYDE N. BOOTH AND FRANK W. BOOTH<br><br>APPELLANTS | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CV-14-0130-VI] |
| V. | |
| CANDICE A. FRANKS, BANK COMMISSIONER OF THE STATE OF ARKANSAS | HONORABLE JAMES O. COX, JUDGE |
| APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellants Clyde and Frank Booth appeal from the decision of the Sebastian County Circuit Court dismissing their challenge to a bank merger and the constitutionality of the procedures followed in that merger by the Appellee, the commissioner of the Arkansas State Banking Board ("the Board"). For the reasons stated below, we affirm.

The Booths were minority stockholders in First Community Bank of Crawford County ("FCB"), each owning 50 shares of stock that they had purchased at a per-share price of $100. First Bank reached an agreement on October 22, 2013, to merge with FCB; First Bank would be the surviving entity. As part of the required merger process, First Bank filed an application with the Board on November 15, 2013. In compliance with Bank Department Regulation 46.403.1, First Bank published notice of the application in the *Arkansas Democrat-Gazette* on three equally spaced days during a window ten days before

and after the actual filing of the application.[1] The November 15, 2013 application triggered the fifteen-day window under Arkansas Code Annotated section 23-46-406(a)(1) (Repl. 2015) during which any person wishing to appear in opposition to the application before the Board must file a written protest. It is uncontested that the Booths did not file a written protest during this period.

On December 6, 2013, FCB notified its stockholders, including the Booths, of the upcoming meeting to vote on the plan of merger. This notice contained the proposed $.01 per-share valuation of their stock holdings and information about their rights as dissenting stockholders should they choose to oppose the merger. The shareholder meeting occurred on December 19, 2013; the merger plan was adopted despite the Booths' votes against it, and the Booths gave notice to FCB that they intended to exercise their dissenters' rights under Arkansas Code Annotated section 23-48-506. The Booths reaffirmed their intention to dissent several days later. On January 7, 2014, they notified First Bank that they intended to challenge the constitutionality of the merger procedure.

The Board conducted its formal hearing—the proceeding that had been announced via newspaper in November—on January 16, 2014. The Board approved the merger. The Booths were not present. On February 10, 2014, the Booths filed a complaint in the Sebastian County Circuit Court seeking review of the Board's decision under a variety of theories, but the claims can be simplified for our discussion here into two broad categories: (1) The Board did not adequately fulfill its duties under administrative law in reaching its decision and (2) the statutes and regulations followed by the Board unconstitutionally

---

[1] The notice dates were November 6, 13, and 20, 2013.

infringe on the due process and property rights of minority stockholders. The circuit court dismissed the constitutional and statutory claims as not preserved because the Booths did not raise them at the administrative hearing. It did, however, hold that even nonparties affected by administrative decisions are entitled to an appeal under the Arkansas Administrative Procedure Act. Upon conducting a review of the administrative record, the court concluded that the Board's original order contained inadequate findings of fact and conclusions of law. The court remanded to the Board to expand upon the order.

The Booths then wrote to the Board, requesting an opportunity to present their arguments in advance of the additional administrative action required by the circuit court. The Board rejected the Booths' attempts, citing their failure to object within the 15-day postapplication window of Arkansas Code Annotated section 23-46-406(a)(1). The Board issued its expanded findings in January 2015, and the Booths renewed their objections to the whole process with an amended complaint in the circuit court. In an August 14, 2015 order, the circuit court determined that the updated findings were sufficient and reaffirmed that the Booths had failed to preserve their substantive objections due to their failure to present these objections before the Board.

As their brief makes clear, the Booths' primary concern is the low value placed on their shares in the merger of First Bank and FCB. They regard the $.01 per-share payout as a violation of fundamental property rights and due process because, they assert, the assets are worth closer to $100 per share. To the extent that the Booths have a special right as minority, dissenting shareholders to vindicate their claim of undervaluing, it is first and foremost through the bank's shareholder meeting. Having failed to stop or alter the merger

terms at that juncture, the Booths could have utilized the process under Arkansas Code Annotated section 23-48-506 by which dissenters can receive additional appraisals of their shares' value. Notice of dissent must be given at or prior to the meeting approving the action, and the stockholder must follow with a written demand of payment within ten days after the meeting. Ark. Code Ann. § 23-48-506(b)(1). The bank fixes an initial value on the shares within twenty days of the meeting, and if the stockholders wish to accept the offer, they must do so within thirty days of the meeting. Ark. Code Ann. § 23-48-506(b)(3)–(4). If the stockholders do not accept this initial assessment, the statute provides that the stockholders are entitled to a second opinion from a panel of three appraisers—one chosen by the stockholders, one by the bank, and one by the first two appraisers. Ark. Code Ann. § 23-48-506(c). If the value chosen by the majority of this panel is still unsatisfactory to the dissenting stockholders, they may still appeal within five days to the bank commissioner, who is empowered to fix the final value of the shares. *Id.*

The record indicates that the Booths began an attempt under this statute to address their claims of undervaluation; at the shareholder meeting, they gave notice of dissent under section 23-48-506. After the Board first approved the merger, the Booths' pursuit of the appraisal remedy was more equivocal. They attempted to give "conditional notice" of their intent to seek a section 23-48-506 appraisal but asserted that any action under the statute should be halted pending the circuit court's action on their litigation over broader constitutional claims. As the Board noted in response, there is no statutory provision for conditional notice. The timeline for additional appraisal to vindicate dissenting shareholders' claims is mechanical and nondiscretionary. The Board instead treated the conditional notice

as effective notice. These communications demonstrate that the Booths were aware of the specific avenue provided by Arkansas law for dissenting shareholders to challenge an allegedly deficient valuation in a merger agreement.

The Booths instead argue on appeal that the Board's notice of its general hearing on the merger was constitutionally deficient as applied to shareholders. They base this argument on precedent from both the United States Supreme Court and this court that "newspaper notice" alone is insufficient when reasonable diligence could uncover the names and residences of the parties involved in a proceeding for which notice is required. In those circumstances, the state must require targeted notice through mail or other means to satisfy due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950). The Booths' reliance on these cases, however, is misplaced. As discussed above, the Booths were timely informed of all private and public avenues in which their status as shareholders entitled them to challenge the bank's valuation of their shares. The Board's hearings on proposed mergers address broader considerations, most notably whether the merging banks complied with statutory requirements and whether the merger will create a financially sound resulting bank. The hearing did not implicate the Booths in any special way that would require more than the newspaper announcements afforded to any other citizen who may wish to comment on a merger's economic impact on the state.

Because we hold that the Board's notice of the merger hearing was not deficient, we agree with the circuit court's determination that the Booths' failure to file a written protest within the statutory window prevented them from making arguments before the Board. The arguments were therefore not preserved for judicial review.

Affirmed.

*Frank W. Booth*, for appellants.

*Leslie Rutledge*, Att'y Gen., by: *Juliane Chavis*, Deputy Att'y Gen., for appellee.